IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ASHLEY MARIA HOWARD, | Cause No. CV 23-112-BLG-SPW-TJC |
| Petitioner, | |
| vs. | ORDER |
| JENNIE HANSEN, ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

On September 18, 2023, state pro se prisoner Ashley Maria Howard ("Howard") filed an application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1 at 10.)[1] The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the

---

[1] *See Houston v. Lack*, 487 U.S. 266, 276 (1988)( Under the "prison mailbox rule," a prisoner's document is deemed filed "at the time…[it is] delivered to the prison authorities for forwarding to the court clerk.")

1

petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases.

As explained below, because the claims in Howard's petition are unexhausted, her petition will be dismissed without prejudice.

I.   **Exhaustion**

Following a jury trial in Montana's Seventeenth Judicial District, Dawson County, Howard was found guilty of Negligent Homicide. She received a twenty-year sentence, with five of the years suspended, along with a ten-year parole restriction. (Doc. 1 at 1.)

Howard filed a direct appeal, but subsequently sought voluntary dismissal of her appeal. The matter was dismissed with prejudice on May 24, 2022. (*Id.*) Howard also sought review of her sentence from the Sentence Review Division, requesting that the parole restriction be removed. Her sentence was affirmed on September 30, 2022. (*Id.*) Howard has not engaged in any other post-conviction or collateral review in the state courts. (*Id.* at 1-2.)

In her petition before this Court, Howard alleges: (1) she was deprived of her liberty rights under the Fifth and Fourteenth Amendments when the sentencing court imposed a parole restriction to prevent her from having children in the immediate future, (*id.* at 2-3); (2) the parole restriction imposed violates her right to be free of cruel and unusual punishment under the Eighth Amendment, (*id.* at 3-

2

4); (3) her sentence was enhanced based on facts that were not charged and/or not found by the jury in violation of the Sixth Amendment, (*id.* at 4-5); (4) the sentence imposed was disproportionate, (*id.* at 5-6); (5) her sentence was unjustly increased, in violation of the Sixth Amendment, because she exercised her right to proceed to trial, (*id.* at 7-8); (6) the sentence imposed is excessive in violation of the Fifth and Fourteenth Amendments. (*Id.* at 8-9.) Howard asks this Court to grant her a resentencing hearing to remove the parole restriction and impose any additional relief to which she may be entitled. (*Id.* at 9.)

As a preliminary matter, although Howard couches her claims in terms of federal law, it appears her overarching challenge is to the parole restriction imposed by the trial court. Howard is advised that federal habeas relief is not available for state law errors of any kind. *Middleton v. Cupp*, 768 F. 2d 1083, 1085 (9th Cir. 1985). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F. 3d 461, 469 (9th Cir. 1994). A habeas petitioner must show that an alleged state sentencing error was "so arbitrary or capricious as to constitute an independent due process violation." *Richmond v. Lewis*, 506 U.S. 40, 50 (1992).

To the extent that Howard presents cognizable federal claims, each claim is presently unexhausted. On the face of her petition, Howard acknowledges that

3

none of the claims have been presented to the state courts. Throughout her petition, Howard repeatedly states that she did not raise her claims before the Montana Supreme Court because the various claims "do not affect her conviction, but her sentence" and that she "did not wish to waste the Court's time with a new trial" but, instead "wished to be sentenced fairly commensurate with other similarly situated cases and the sentencing laws of the State of Montana." (*See e.g.*, Doc. 1 at 3, 4, 5-6, 7-8.) Upon this basis, Howard states that her appellate counsel had no objections to her withdrawing her direct appeal. (*Id.*)

A federal court may entertain a petition for habeas relief only if the petitioner has exhausted her state court remedies before petitioning for a writ in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies

available," § 2254(b)(1)(A) through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), (2) describe "the federal legal theory on which [her] claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008), and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies." *Id., see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

In the present case, the Montana Supreme Court has not yet considered any of the claims Howard attempts to advance. Howard must present the same claims to the state courts, in a procedurally appropriate manner, and give them one full opportunity to review her federal constitutional claims. *O'Sullivan*, 526 U.S. at 845. Because Howard has not yet completely exhausted her available state court remedies, this Court cannot review the claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal will be **without prejudice**, allowing Howard to return to this Court if and when she fully exhausts the claim relative to her current custody.

## II. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Howard has not yet made a substantial showing that she was deprived of a federal constitutional right. Further, because her petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Howard's Petition (Doc. 1) is DISMISSED without prejudice as unexhausted.

2. The Clerk of Court is directed to enter a judgment of dismissal.

3. A certificate of appealability is DENIED.

DATED this 3rd day of October, 2023.

*Susan P. Watters*
Susan P. Watters
United States District Court Judge